IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN HICKMAN,<br><br>    Plaintiff,<br><br>v.<br><br>TRUIST BANK,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ryan Hickman files this Complaint against his former employer, Truist Bank ("Truist" or "Defendant"). Plaintiff alleges that Truist violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") by failing to pay him overtime wages for time he was required to work. Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff claims that Truist violated the FLSA by failing to pay him overtime wages when he worked in excess of forty (40) hours per week. With respect to his FLSA claim, Plaintiff seeks unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(3), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

5. Truist Bank is a North Carolina corporation licensed to do business in Georgia and regularly conducts business in the Northern District of Georgia, where it employed Plaintiff.

6. At all relevant times, Truist, and/or SunTrust Bank ("SunTrust") as a predecessor entity, employed Plaintiff within the meaning of the FLSA.

## STATEMENT OF FACTS

7. SunTrust hired Plaintiff on or about July 2, 2018, as a Personal Banker IV.

8. On information and belief, SunTrust and Branch Banking & Trust Company merged in approximately December 2019, and renamed the surviving entity Truist Bank.

9. Plaintiff was assigned to a particular SunTrust, now Truist, branch.

10. Plaintiff's job duties included assisting the Branch Manager with the overall operations of the bank, opening up the branch in the morning, conducting sales from behind the teller line, and opening accounts.

11. At all relevant times, Plaintiff was a non-exempt employee under the FLSA.

12. During approximately July 2018 until August 2019, Plaintiff regularly worked in excess of forty (40) hours per workweek and was consistently required to work off the clock.

13. During the time period from approximately July 2018 until August 2019, Plaintiff was generally scheduled to work approximately forty (40) hours per week. However, Plaintiff often worked approximately 47.5 hours per workweek to meet business needs.

14. From approximately July 2018 through August 2019, Defendant required Plaintiff to omit those hours worked in excess of forty (40) in a given workweek.

15. Plaintiff was often forced to forego his scheduled lunch period based on business needs.

16. Plaintiff often arrived at work early or stayed after the branch closed to complete necessary work for clients.

17. As a result, Plaintiff regularly worked in excess of forty (40) hours in a given workweek.

18. Based on, and in accordance with, Defendant's policy against overtime, and directions given to him, Plaintiff regularly omitted from his time sheets those hours worked in excess of forty (40) in a given workweek, including missed lunch periods and work performed outside of his scheduled shifts.

19. Branch management was aware that Plaintiff regularly omitted those hours worked in excess of forty (40) in a given workweek, in accordance with Defendant's policy against overtime pay.

20. During approximately July 2018 until August 2019, Defendant failed to pay Plaintiff at one-and-one-half his regular rate of pay for all time worked in excess of forty (40) hours per workweek.

21. Defendant knew or should have known that Plaintiff worked well in excess of forty (40) hours per workweek throughout the time period of approximately July 2018 until August 2019.

22. In numerous instances when Plaintiff worked more than forty (40) hours per workweek through the time period from approximately July 2018 to August 2019, Defendant failed to pay Plaintiff at an overtime rate of one-and-one-half his regular rate for all time worked in excess of 40 hours per week.

23. Defendant was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime wages at a rate of one-and-one half times their regular rate of pay for all time worked in excess of forty (40) hour per workweek.

24. Defendant's failure to pay Plaintiff overtime wages at the rate required by the FLSA for all time worked in excess of forty (40) hours per workweek was willful and not in good faith.

25. As a result of Defendant's unlawful acts, Plaintiff was deprived of overtime wages in an amount to be determined at trial for all time worked in excess of forty (40) hours per workweek, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

## COUNT ONE
## Willful Failure to Pay Overtime Wages in Violation of the FLSA

26. Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

27. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce," or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

28. Defendant is governed by and subject to 29 U.S.C. § 207.

29. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

30. The FLSA requires employers, such as Defendant, to compensate employees, such as Plaintiff, at an overtime rate of one-and-one-half times their regular rate for all hours worked in excess of forty (40) per week.

31. Plaintiff regularly worked more than forty (40) hours per workweek from approximately June 2018 until August 2019.

32. Defendant willfully failed to pay Plaintiff overtime wages at one-and-one-half his regular rate for all time he worked in excess of forty (40) hours per workweek.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violation of the FLSA were willful, a three-year statute of limitation applies, pursuant to 29 U.S.C. § 255.

34. Defendant did not make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

35. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant unpaid overtime wages for each workweek within the limitations period, an additional and equal amount of liquidated damages for Defendant's violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that Defendant's practices complained of herein violated the FLSA;

b) An award of unpaid overtime wages due under the FLSA;

c) An award of liquidated damages as a result of Defendant's failure to pay overtime wages due under the FLSA;

d) An award of prejudgment and post-judgment interest;

e) An award of costs and expenses of this action, including reasonable attorneys' fees; and

f) Such other and further relief as the Court deems proper.

Dated this 11th day of February 2021.

Respectfully submitted,

/s/ *Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue
Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com